UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ ) | | |
| In re: CORPORACION MARCARIBE ) | | Civil Action No. 20-12131-GAO |
| INVESTMENT, ) | | |
| Debtor. ) | | |
| ) | | |
| CORPORACION MARCARIBE INVESTMENT, ) | | (Chapter 7 Case No. 18-12101-JEB) |
| Appellant, ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| JOHN O. DESMOND, CHAPTER 7 TRUSTEE, ) | | |
| Appellee. ) | | |
| _____ ) | | |

OPINION AND ORDER
March 31, 2022

O'TOOLE, D.J.

Pending before the Court is the Trustee's motion to dismiss the debtor's appeal of the bankruptcy court's order authorizing the sale of the debtor's property. For the following reasons, the motion is GRANTED.

## I.   Background

Corporacion Marcaribe Investment filed for Chapter 7 bankruptcy in 2018. The only significant asset of the corporation is a piece of undeveloped property in Puerto Rico. At the time of the bankruptcy filing, the debtor had initiated an inverse condemnation proceeding against the Commonwealth of Puerto Rico for a claimed loss of value to the property as a result of environmental regulations to which the property is subjected.

The Trustee filed an application to hire a real estate broker to market the property for sale, which the bankruptcy court allowed without opposition by the debtor. The debtor then filed an

emergency motion to stay the order, raising questions as to the validity of a bank's lien against the property and arguing it was not in the best interest to sell the property because the pending inverse condemnation action might net additional funds. The bankruptcy court denied the motion without prejudice subject to the debtor's raising its objections in an opposition to a future motion to sell.

The debtor appealed the bankruptcy court's decision to this Court on July 31, 2020. After the debtor failed to file an opening brief, the Trustee moved to dismiss the appeal for want of prosecution and for failure to present a substantial question. In re Corporacion Marcaribe Inv., No. 20-11529 (D. Mass. dismissed Jan. 5, 2021). This Court dismissed the appeal on both grounds.

The Trustee thereafter moved in the bankruptcy court to authorize a sale of the property. The debtor opposed the motion, claiming again that the bank did not have a valid mortgage against the debtor and that the inverse condemnation proceeding was still ongoing. The bankruptcy court granted the Trustee's motion to sell on November 13, 2020, reasoning that the sale order was in the best interest of the bankruptcy estate. The court noted in the order that, pursuant to the purchase agreement, the inverse condemnation claims would remain the property of the estate. The sale order was automatically stayed for fourteen days pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure.

The debtor appealed the decision to this Court on November 27, 2020. On November 30, 2020, the debtor moved in the bankruptcy court to stay the sale pending appeal but did not request emergency consideration of the motion. The Trustee opposed the motion within the time permitted, contending that the motion had become moot because the sale had closed on December 7, 2020.

The bankruptcy court denied the debtor's motion. It found that because the purchaser was a good faith buyer, the appeal could not affect the validity of the sale. It also noted that the debtor's

right to any surplus funds had been reserved because the purchase agreement reserved the right to pursue the inverse condemnation action to the estate.

## II.    Discussion

The Trustee moves to dismiss the appeal, arguing that the appeal is both statutorily and equitably moot. He claims the appeal is statutorily moot because, under 11 U.S.C. § 363(m), an order that was not stayed pending appeal cannot disturb a sale to a good faith purchaser. He maintains the appeal is equitably moot because the sale has closed, and proceeds have been disbursed. In opposition, the debtor contends that the appeal is not statutorily moot because the debtor challenges the bankruptcy court's determination that the buyers were good faith buyers and is not equitably moot because the court can reverse a transaction it believes to be in error.

First, the appeal is statutorily moot. Statutory mootness under 11 U.S.C. § 363(m) will render a debtor's appeal of a sale of property moot when the sale was completed to a good faith purchaser and the sale was not stayed pending appeal. See Mission Prod. Holdings v. Old Cold, LLC (In re Old Cold, LLC), 558 B.R. 500, 512 (B.A.P. 1st Cir. 2016); Anheuser-Busch, Inc. v. Miller (In re Stadium Mgmt. Corp.), 895 F.2d 845, 847 (1st Cir. 1990). Here, it is undisputed that the debtor never obtained a stay of the sale order. Although the sale order was automatically stayed by rule for fourteen days, the debtor did not move for a further stay pending appeal during that time. The debtor's eventual motion to stay pending appeal was filed after the automatic stay had expired. By the time the court considered the motion, the sale had already been completed. Additionally, the bankruptcy court determined that the buyers were good faith purchasers and the debtor's skeletal argument otherwise was insufficient to call into question the correctness of that finding. See In re Old Cold, LLC, 558 B.R. at 512–13. Therefore, the appeal is moot under 11 U.S.C. § 363(m).

The appeal is also equitably moot. "Mootness in bankruptcy appellate proceedings is based on jurisdictional and equitable considerations stemming from the impracticability of fashioning fair and effective judicial relief." Marmarinos v. DeGiacomo (In re Marmarinos), 464 B.R. 498, 500 (B.A.P. 1st Cir. 2012); accord Rochman v. Ne. Utils. Serv. Grp. (In re Pub. Serv. Co. of N.H., 963 F.2d 469, 471–72 (1st Cir. 1992). "The jurisdictional component relates to the constitutional restriction prohibiting the judiciary from deciding cases in which no effective remedy can be provided." In re Marmarinos, 464 B.R. at 500. The "equitable component relates, in part, to pragmatic limitations on appellate jurisdiction over bankruptcy appeals. An appeal is moot for pragmatic reasons where the order appealed from has been implemented to such a degree that meaningful appellate relief is no longer practicable." Id. (citation omitted); see also PPUC Pa. Pub. Util. Comm'n v. Gangi, 874 F.3d 33, 37 (1st Cir. 2017). Factors the court considers include (1) whether the debtor pursued "with diligence all available remedies to obtain a stay of execution of the objectionable order;" (2) whether the action proceeded "to a point well beyond any practicable appellate annulment," and (3) whether providing relief would injure third parties. PPUC Pa. Pub. Util. Comm'n, 874 F.3d at 37 (quoting In re Pub. Serv. Co. of N.H., 963 F.2d at 473–75). Here, the debtor, as discussed above, did not pursue with diligence all the available remedies to obtain a stay of execution of the order. The Trustee was entitled to rely on the sale order. The sale of real property to the third-party buyer has closed, and any remedy would prejudice the third party not before this Court. As a result, the appeal is equitably moot.

**III.**    **Conclusion**

Because the appeal is both statutorily and equitably moot, the Trustee's Motion to Dismiss

Appeal (dkt. no. 9) is GRANTED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge